# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DAILEN DRAKE and | § | |
| BETTE DRAKE, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3354 |
| | § | |
| LIBERTY MUTUAL, *et al.* | § | |
|    Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' "Motion for Leave to File Amended Complaint" [Doc. # 6] ("Motion to Amend"), seeking to amend their complaint to add new parties as defendants in this lawsuit.[1] Defendants Liberty Mutual ("Liberty") and Helmsman Management Services, Inc. ("Helmsman") (collectively "Defendants") have filed a Response in Opposition [Doc. #14]. Plaintiffs neither filed a Reply nor requested additional time to do so. This case is also before the Court on Plaintiffs' "Motion to Remand or to Dismiss under Rule 41" [Doc. # 12] ("Motion to Remand or Dismiss"), to which Defendants have filed a Response in Opposition [Doc. # 15]. Plaintiffs neither filed a Reply nor requested additional time to do so. The Court has reviewed the full record in this case. Based on this review and the application of

---

[1] Plaintiffs have not filed the proposed amended complaint. Nor have they identified by name which parties they are seeking to add as defendants to this lawsuit.

governing legal authorities, the Court **denies** the Motion to Amend and **denies in part and grants in part** the Motion to Remand or Dismiss.

I.   **BACKGROUND**

This lawsuit arises out of injuries sustained by Plaintiff Dailen Drake when, in October, 2008, he suffered a back injury while employed with Southwestern Telephone Company.[2] Plaintiffs allege that Liberty and Liberty Health Care Network ("Network") mishandled Drake's workers compensation claim, which led Drake's medical condition to severely deteriorate.[3] Plaintiffs assert causes of action for breach of contract, breach of the common-law duty of good faith and fair dealing, conspiracy, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.[4] Plaintiffs seek actual damages for the full benefits payable under the workers compensation policy, mental anguish, medical expenses, disfigurement, pain and suffering, and distress.[5]

Plaintiffs instituted this action in Texas state court. On September 17, 2010, Defendants filed a timely Notice of Removal [Doc. # 1] on the basis of diversity

---

[2]   *See* Plaintiff's Original Petition [Doc. # 1], Exh. A, ¶ 7

[3]   *See id.* ¶¶ 6-8

[4]   *Id.* ¶¶ 3, 10-13.

[5]   *Id.* ¶ 14. Plaintiffs seek $10,000,000 for these damages plus exemplary damages in the amount of $5,000,000, and attorney's fees.

jurisdiction.[6]  Defendants argued that Network is a nominal party, "does not appear to be an entity that can be sued and it has not been served."[7]  Defendants also argued that AT&T and Southwestern Bell Telephone were improperly joined.[8]

Plaintiffs have filed a Motion to Amend, seeking to amend their complaint in order to (1) add as defendants unnamed individual claims adjusters for Liberty and/or Helmsman; and to (2) "ascertain the status of service on Network."[9]  Plaintiffs also have filed a Motion to Remand in which they argue that this case should be remanded to Texas state court because (1) Network is a Texas state entity; (2) Plaintiffs are entitled to join the individual claims adjusters who will destroy diversity jurisdiction; and (3) Plaintiffs' claims arise under Texas workers compensation law and thus are not removable under 28 U.S.C. § 1445(c).  Alternatively, Plaintiffs ask the Court to dismiss this case without prejudice under Federal Rule of Civil Procedure 41.  These

---

[6]  *See* Notice of Removal [Doc. # 1], ¶¶ 4-11.

[7]  *Id.* ¶ 7.

[8]  *Id.* ¶ 12.

[9]  *See* Motion to Amend [Doc. # 6], at 3.   Later in their Motion to Amend, Plaintiffs indicate their amended complaint will also address (a) "The status of Network as a defendant;" (b) "The affirmative defenses raised by AT&T and Bell in their Amended Answer;" and (c) "AT&T and Bell's allegations contained in their Rule 12(b)(6) motion to dismiss." *See* Motion to Amend, at 4.  However, the Court dismissed AT&T and Southwestern Bell as defendants pursuant to an agreed motion filed by Plaintiffs. *See* Plaintiff's Motion to Dismiss Under Rule 41 [Doc. # 9]; Order of Dismissal Without Prejudice [Doc. # 11].

Motions are now ripe for decision.

**II.     ANALYSIS**

In their Motion to Remand or Dismiss, Plaintiffs alternatively request that their case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41.[10] Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314 (5th Cir. 2002). "[T]he fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Elbaor*, 279 F.3d at 317 n.3.

Plaintiffs timely filed the Motion to Remand October 13, 2010, less than a month after Defendants removed this case to federal court. Plaintiffs also filed a second lawsuit in Texas state court against, *inter alia*, the defendants in this action "so as to obtain complete relief in connection with the causes of action asserted therein, which are identical in some respects with the causes asserted herein and otherwise in

---

[10]     *See id.* ¶ 15.

addition to relief sought herein."[11]  Specifically, Plaintiffs sued Liberty, Helmsman, AT&T, Southwestern Bell, Sandy Parrot, Beth Dempsey and Darleen Cook.[12] Plaintiffs seek remand to state court or dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 41 because the pending state court action "is not removable and is the only pending litigation in which Plaintiffs can obtain complete relief against all Defendants to their claims."[13]  It is clear that maintenance of these two lawsuits will waste judicial resources, increase the expense and inconvenience for all parties, and risks inconsistent decisions on discovery, liability, and other issues.[14]  Dismissal without prejudice of this action is appropriate.

The Court is unpersuaded by Defendants' passing argument that the Rule 41 dismissal should be denied because "Plaintiffs' sole reason for requesting the dismissal under Federal Rule of Civil Procedure 41 is forum-shopping."[15] Defendants cite no legal authority in support of denial of a Rule 41 dismissal under these

---

[11]  *Id.* ¶ 5.

[12]  *See* Motion to Remand or Dismiss [Doc. # 12], ¶ 5.

[13]  *Id.* ¶ 9.

[14]  The Court does not opine on the merits of the claims Plaintiffs seek to assert against the existing or proposed Defendants, or the removability of the putative workers compensation and other claims.

[15]  Defendants' Response to Plaintiffs' Motion to Remand or to Dismiss Under Rule 41, Doc. # 15, at 11.

circumstances. The mere fact that Defendants will have to defend against the new state court action hat includes all necessary parties is not a probative reason for denying dismissal of this case under Rule 41 and does not constitute "plain legal prejudice" from dismissal of this case. *See Elbaor*, 279 F.3d at 317 n.3. Furthermore, there are issues presented in this removed federal case that are not present in the state court action.

### III.   CONCLUSION AND ORDER

The Court finds that dismissal of this case without prejudice under Rule 41(a)(2) is warranted. Accordingly it is hereby

**ORDERED** that Plaintiffs' Motion to Remand or Dismiss [Doc. # 12] is **granted in part**. This case is **DISMISSED without prejudice**. It is further

**ORDERED** that Plaintiffs' Motion to Remand or Dismiss [Doc. # 12] is **denied** insofar as remand is requested. It is further

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 6] is **DENIED as moot.**

A separate final judgment will issue.

SIGNED at Houston, Texas, this **17th** day of **November, 2010**.

*[signature]*

Nancy F. Atlas
United States District Judge